IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| OLIVIA BUCKNER BAILEY, | * | |
| On Her Own Behalf and on Behalf Of All Other Consumers Similarly Situated, | * * | Civil Action No.:_____ (Removed from Circuit Court For Baltimore County, Case No.: 03-C-13-000869) |
| Plaintiff, | * | |
| v. | * | |
| ATLANTIC AUTOMOTIVE CORP., *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **NOTICE OF REMOVAL**
**(Federal Question Jurisdiction)**

Defendant Heritage Chevrolet-Buick, Inc. t/a Heritage Chevrolet, Heritage Buick ("Heritage Chevrolet") and Defendants Tischer Autopark, Inc. t/a Audie of Silver Spring, Tischer Autopark, Inc. t/a BMW of Silver Spring, Tischer Autopark, Inc. t/a Porsche of Silver Spring, Herb Gordon Auto Group, Inc. t/a Mercedes-Benz of Silver Spring, Herb Gordon Auto Group, Inc. t/a Herb Gordon Nissan, Herb Gordon Auto Group, Inc. t/a Herb Gordon Subaru, Herb Gordon Auto Group, Inc. t/a Herb Gordon Volvo, Annapolis Motors, LLC t/a/ Mercedes-Benz of Annapolis and Smart Center of Annapolis, Heritage of Bel Air, Inc. t/a Heritage AutoMall of Bel Air, Heritage of Owings Mills II, Inc. t/a Heritage Chrysler Dodge Jeep Ram Owings Mills, Heritage of Owings Mills, Inc. t/a Heritage Fiat, Heritage of Towson, Inc. t/a Heritage Honda, Heritage of Westminster, Inc. t/a Heritage Honda of Westminster, Heritage of Towson, Inc. t/a Heritage Honda of Westminster, Heritage of Towson II, Inc., t/a Heritage Hyundai Towson, I Heritage, Inc. t/a Heritage Mazda, Heritage of Bel Air, Inc. t/a Heritage Mazda of

Bel Air, Heritage of Towson III, Inc. t/a Heritage Mazda Towson, Heritage Imports, Inc. t/a Heritage Subaru, Heritage Volkswagen, Griffith Auto Group, Inc. t/a Heritage Volkswagen Parkville, Griffith Auto Group, Inc. t/a Heritage Chrysler Dodge Jeep Ram Parkville, and Atlantic Automotive Corp. (collectively, the "Other Defendants"), by their undersigned counsel, hereby provides Notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the above-captioned case from the Circuit Court for Baltimore County to the United States District Court for the District of Maryland, Northern Division. Removal is based on 28 U.S.C. § 1331 (federal question) with 28 U.S.C. § 1367 (supplemental jurisdiction).  As grounds for removal, Defendants state the following:

1.  On or about February 1, 2013, Plaintiff Olivia Bailey commenced this action against Defendants by filing a class action complaint in the Circuit Court for Baltimore County, Maryland (the "State Court Action").[1]  The State Court Action was assigned Case Number 03-C-13-000869.

2.  In her initial complaint, Plaintiff alleged that Heritage Chevrolet failed to disclose that the vehicle Plaintiff purchased had previously been used as a short-term rental as required by COMAR 11.12.01.14(M)(1)(f).  Plaintiff did not allege that she purchased a vehicle from, or had any dealings whatsoever with, any of the twenty-one Other Defendants.  Nevertheless, Plaintiff filed a class action lawsuit on behalf of herself and others against both Heritage Chevrolet <u>and</u> the Other Defendants for breach of implied warranty of merchantability, violation of the Maryland Consumer Protection Act, deceit by non-disclosure or concealment, money had and received/unjust enrichment, negligent misrepresentation, and breach of contract.

---

[1] Plaintiff originally filed this lawsuit in the Circuit Court for Montgomery County on October 18, 2012.  Within a matter of days after the case was reassigned from Judge Ronald B. Rubin to Judge Michael D. Mason, Plaintiff voluntarily dismissed the lawsuit and re-filed it in the Circuit Court for Baltimore County.

2

3. In response, Defendants moved to dismiss the complaint for lack of standing and failure to state a claim. Specifically, Defendants argued that Plaintiff lacked standing to sue any defendant other than Heritage-Chevrolet and, even if she had standing, Plaintiff failed to allege sufficient facts to state a claim against the Other Defendants. As to Heritage-Chevrolet, Defendants argued that Plaintiff failed to state a claim upon which relief can be granted for breach of implied warranty of merchantability and violation of the Maryland Consumer Protection Act.

4. Rather than respond to the merits of Defendants' arguments, Plaintiff filed an amended class action complaint on April 8, 2013. Plaintiff's amended complaint contains all of the state law claims asserted in the initial complaint but also includes additional claims arising under federal law including claims for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* (Am. Cmpl. ¶¶ 130-136), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.* (Am. Cmpl. ¶¶ 188-231).

5. Removal to this Court is proper. Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of Maryland, Northern Division, which is the federal district court embracing the state court where the State Court Action was filed.

6. Removal is timely. The amended complaint was first received by Defendants on April 8, 2013. Receipt of the amended complaint was the first notice of federal jurisdiction received by Defendants. This Notice of Removal is being filed on April 26, 2013, well within thirty days after receipt or service of the amended complaint.

7. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

8. All other procedural requirements have been met.

   a. Attached hereto as <u>Exhibit A</u> is a copy of all "process, pleadings and orders served upon" Defendants and is being filed with the Clerk of the Court contemporaneously with the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(a).

   b. Attached hereto as <u>Exhibit B</u> is a copy of the Notice of Filing of Notice of Removal that Atlantic Automotive Corp. will file in the Circuit Court for Baltimore County and will promptly serve upon Plaintiff.

9. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Additionally, pursuant to 28 U.S.C. § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be remove without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

10. Defendants are entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441. Plaintiff's assertion of claims under RICO (Counts Seven, Eight and Nine) renders this suit as one over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331. To the extent the complaint also asserts claims that do not involve RICO, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).

**WHEREFORE**, having satisfied all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including the presence of all jurisdictional requirements established by 28 U.S.C. § 1331, Defendants respectfully serve notice that the above-referenced civil action, now pending in the Circuit Court for Baltimore County to the United States District Court for the District of Maryland, Northern Division.

                Respectfully submitted,

                /s/
                Brian L. Moffet
                Fed. Bar No. 13821

                /s/
                Catherine A. Bledsoe
                Fed. Bar No. 11376
                GORDON FEINBLATT LLC
                The Garrett Building
                233 East Redwood Street
                Baltimore, Maryland  21202-3332
                Telephone No.: 410/576 - 4291
                Fax No.: 410/576 – 4269
                Email: bmoffet@gfrlaw.com
                Email: cbledsoe@gfrlaw.com

                **Attorneys for Defendants**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of April, 2013, a copy of the foregoing Notice of Removal was emailed and mailed, first class, postage prepaid to:

>Richard S. Gordon, Esquire
>Benjamin H. Carney, Esquire
>Stacie Dubnow, Esquire
>Gordon & Wolf, Chtd.
>102 West Pennsylvania Avenue, Suite 402
>Towson, MD  21204
>
>Mark H. Steinbach, Esquire
>O'Toole, Rothwell
>1350 Connecticut Ave., N.W., Suite 200
>Washington, DC 20036
>*Attorneys for Plaintiff*

/s/
Brian L. Moffet