OLIVIA BUCKNER BAILEY
9893 Bon Haven Lane
Owings Mills, MD 21117,

ON HER OWN BEHALF AND ON BEHALF
    OF ALL OTHER CONSUMERS
    SIMILARLY SITUATED,

            Plaintiff

v.

ATLANTIC AUTOMOTIVE CORP.
1 Olympic Place
Suite 200
Towson, MD 21204
        SERVE ON:
        Resident Agent:
        CSC-Lawyers Incorporating Service
        Company
        7 St. Paul Street, Suite 1660
        Baltimore, MD 21202

HERITAGE CHEVROLET-BUICK, INC.
t/a Heritage Chevrolet, Heritage Buick
11234 Reisterstown Road
Owings Mills, MD 21117
        SERVE ON:
        Resident Agent:
        CSC-Lawyers Incorporating Service
        Company
        7 St. Paul Street, Suite 1660
        Baltimore, MD 21202

HERITAGE IMPORTS, INC.
t/a Heritage Subaru, Heritage
    Volkswagen
9808 Reisterstown Road
Owings Mills, MD 21117
        SERVE ON:
        Resident Agent:
        CSC-Lawyers Incorporating Service
        Company
        7 St. Paul Street, Suite 1660
        Baltimore, MD 21202

IN THE

CIRCUIT COURT

FOR

BALTIMORE COUNTY

Case No. _____

EXHIBIT

A

RECEIVED FEB 0 1 2013

HERITAGE OF OWINGS MILLS II, INC.
t/a Heritage Chrysler Dodge Jeep Ram Owings
        Mills
11212 Reisterstown Road
Owings Mills, MD 21117
        SERVE ON:
        Resident Agent:
        CSC-Lawyers Incorporating Service
        Company
        7 St. Paul Street, Suite 1660
        Baltimore, MD 21202

I. HERITAGE, INC.
t/a Heritage Mazda
11220 Reisterstown Road
Owings Mills, MD 21117
        SERVE ON:
        Resident Agent:
        CSC-Lawyers Incorporating Service
        Company
        7 St. Paul Street, Suite 1660
        Baltimore, MD 21202

HERITAGE OF TOWSON, INC.
t/a Heritage Honda
9213 Harford Rd.
Parkville, MD 21234
        SERVE ON:
        Resident Agent:
        CSC-Lawyers Incorporating Service
        Company
        7 St. Paul Street, Suite 1660
        Baltimore, MD 21202

HERITAGE OF TOWSON II, INC.
t/a Heritage Hyundai Towson
801 York Road
Towson, MD 21204
        SERVE ON:
        Resident Agent:
        CSC-Lawyers Incorporating Service
        Company
        7 St. Paul Street, Suite 1660
        Baltimore, MD 21202

2

HERITAGE OF TOWSON III, INC.
t/a Heritage Mazda Towson
1630 York Road
Lutherville, MD 21093
    SERVE ON:
     Resident Agent:
     CSC-Lawyers Incorporating Service
     Company
     7 St. Paul Street, Suite 1660
     Baltimore, MD 21202

HERITAGE OF OWINGS MILLS, INC.
t/a Heritage Fiat
11216 Reisterstown Road
Owings Mills, MD 21117
    SERVE ON:
     Resident Agent:
     CSC-Lawyers Incorporating Service
     Company
     7 St. Paul Street, Suite 1660
     Baltimore, MD 21202

GRIFFITH AUTO GROUP, INC.
t/a Heritage Chrysler Dodge Jeep Ram
    Parkville
9219 Harford Rd.
Parkville, MD 21234
    SERVE ON:
     Resident Agent:
     CSC-Lawyers Incorporating Service
     Company
     7 St. Paul Street, Suite 1660
     Baltimore, MD 21202

GRIFFITH AUTO GROUP, INC.
t/a Heritage Volkswagen Parkville
9215 Harford Rd.
Parkville, MD 21234
    SERVE ON:
     Resident Agent:
     CSC-Lawyers Incorporating Service
     Company
     7 St. Paul Street, Suite 1660
     Baltimore, MD 21202

HERITAGE OF BELAIR, INC.
t/a Heritage Mazda of Bel Air
710 Belair Road
Bel Air, MD 21014
    SERVE ON:
    Resident Agent:
    CSC-Lawyers Incorporating Service
    Company
    7 St. Paul Street, Suite 1660
    Baltimore, MD 21202

HERITAGE OF BEL AIR, INC.
t/a Heritage Automall of Bel Air
716 Belair Road
Bel Air, MD 21014
    SERVE ON:  Resident Agent:
    CSC-Lawyers Incorporating Service
    Company
    7 St. Paul Street, Suite 1660
    Baltimore, MD 21202

HERB GORDON AUTO GROUP, INC.
t/a Herb Gordon Subaru
3161 Automobile Blvd.
Silver Spring, MD 20904
    SERVE ON:
    Resident Agent:
    CSC-Lawyers Incorporating Service
    Company
    7 St. Paul Street, Suite 1660
    Baltimore, MD 21202

HERB GORDON AUTO GROUP, INC.
t/a Herb Gordon Volvo
3121 Automobile Blvd.
Silver Spring, MD 20904
    SERVE ON:
    Resident Agent:
    CSC-Lawyers Incorporating Service
    Company
    7 St. Paul Street, Suite 1660
    Baltimore, MD 21202

TISCHER AUTOPARK, INC.
t/a Porsche of Silver Spring

3141 Automobile Blvd.
Silver Spring, MD 20904
    SERVE ON:
    Resident Agent:
    CSC-Lawyers Incorporating Service
    Company
    7 St. Paul Street, Suite 1660
    Baltimore, MD 21202

TISCHER AUTOPARK, INC.
t/a Audi of Silver Spring
3151 Automobile Blvd.
Silver Spring, MD 20904
    SERVE ON:
    Resident Agent:
    CSC-Lawyers Incorporating Service
    Company
    7 St. Paul Street, Suite 1660
    Baltimore, MD 21202

TISCHER AUTOPARK, INC.
t/a BMW of Silver Spring
3211 Automobile Blvd.
Silver Spring, MD 20904
    SERVE ON:
    Resident Agent:
    CSC-Lawyers Incorporating Service
    Company
    7 St. Paul Street, Suite 1660
    Baltimore, MD 21202

HERB GORDON AUTO GROUP, INC.
t/a Mercedes-Benz of Silver Spring
3301 Briggs Chaney Road
Silver Spring, MD 20904
    SERVE ON:
    Resident Agent:
    CSC-Lawyers Incorporating Service
    Company
    7 St. Paul Street, Suite 1660
    Baltimore, MD 21202

HERB GORDON AUTO GROUP, INC.
t/a Herb Gordon Nissan
3131 Automobile Blvd.
Silver Spring, MD 20904

SERVE ON:
Resident Agent:
CSC-Lawyers Incorporating Service
Company
7 St. Paul Street, Suite 1660
Baltimore, MD 21202

HERITAGE OF WESTMINSTER, INC.
t/a Heritage Honda of Westminster
580 Baltimore Blvd.
Westminster, MD 21157
SERVE ON:
Resident Agent:
CSC-Lawyers Incorporating Service
Company
7 St. Paul Street, Suite 1660
Baltimore, MD 21202

ANNAPOLIS MOTORS, LLC
t/a Mercedes-Benz of Annapolis and Smart
Center of Annapolis
324 Sixth St.
Annapolis, MD 21403
SERVE ON:
Resident Agent:
CSC-Lawyers Incorporating Service
Company
7 St. Paul Street, Suite 1660
Baltimore, MD 21202

Defendants.

## CLASS ACTION COMPLAINT AND PRAYER FOR JURY TRIAL

Plaintiff Olivia Buckner Bailey ("Named Plaintiff"), on her own behalf and on behalf of

all others similarly situated, by and through attorneys Richard S. Gordon, Benjamin H. Carney

and Stacie F. Dubnow of Gordon & Wolf, Chtd., and Mark H. Steinbach of O'Toole Rothwell,

sues Atlantic Automotive Corp.; Heritage Chevrolet-Buick, Inc. t/a Heritage Chevrolet, Heritage

Buick; Heritage Imports, Inc. t/a Heritage Subaru, Heritage Volkswagen; Heritage of Owings

Mills II, Inc. t/a Heritage Chrysler Dodge Jeep Ram Owings Mills; I. Heritage, Inc. t/a Heritage

6

Mazda; Heritage of Towson, Inc. t/a Heritage Honda; Heritage of Towson II, Inc. t/a Heritage

Hyundai Towson; Heritage of Towson III, Inc. t/a Heritage Mazda Towson; Heritage of Owings

Mills, Inc. t/a Heritage Fiat; Griffith Auto Group, Inc. t/a Heritage Chrysler Dodge Jeep Ram

Parkville; Griffith Auto Group, Inc. t/a Heritage Volkswagen Parkville; Heritage of Belair, Inc.

t/a Heritage Mazda of Bel Air; Heritage of Bel Air, Inc. t/a Heritage Automall of Bel Air; Herb

Gordon Auto Group, Inc. t/a Herb Gordon Subaru; Herb Gordon Auto Group, Inc. t/a Herb

Gordon Volvo; Tischer Autopark, Inc. t/a Porsche of Silver Spring; Tischer Autopark, Inc. t/a

Audi of Silver Spring; Tischer Autopark, Inc. t/a BMW of Silver Spring; Herb Gordon Auto

Group, Inc. t/a Mercedes-Benz of Silver Spring; Herb Gordon Auto Group, Inc. t/a Herb Gordon

Nissan; Heritage of Westminster, Inc. t/a Heritage Honda of Westminster; and Annapolis

Motors, LLC t/a Mercedes-Benz of Annapolis and Smart Center of Annapolis, (hereinafter

collectively referred to as "Defendants" or "MileOne Automotive") and alleges and states as

follows:

## I.   INTRODUCTION

1.   This is a Complaint against the Defendants, who associated as MileOne

Automotive, for conspiring together to systematically violate statutory and common law

obligations governing motor vehicle sales that provide significant safeguards to consumers

purchasing used vehicles.

2.   In Maryland, when a motor vehicle dealer sells a vehicle that previously was used

for some purpose other than as a consumer good, it must disclose the former use clearly and

conspicuously to its prospective customer. COMAR 11.12.01.14(M)(1). One of the commercial

uses for which disclosure specifically is required relates to vehicles that have been used as short-

term rentals. COMAR 11.12.01.14(M)(1)(f).

3.     Named Plaintiff and the Class are persons who purchased a used motor vehicle from one of the Defendants' dealerships in Maryland that previously had been used for a non-consumer purpose, but were not provided clear and conspicuous notice of such use as required under Maryland law – that is, the used motor vehicle was previously used as a short-term rental. As the Maryland Motor Vehicle Administration ("MVA") has recognized – and as MileOne Automotive well knows – many car buyers seek to avoid vehicles used for short-term rental because of the perception that these vehicles often are driven hard by drivers who care little about them, may not have been well maintained or consistently maintained, and more often are involved in accidents than vehicles used for personal, family, and household purposes.

4.     The Defendants failed to disclose and intentionally concealed from Named Plaintiff and the Class the material fact that the vehicles sold to them were previously used as short-term rentals. In so doing, Defendants violated a clear and explicit disclosure requirement governing motor vehicle sales in Maryland. This suit seeks to end Defendants' illegal sales practices and to obtain compensation for the losses sustained by Named Plaintiff and members of the Class.

5.     In fact, MileOne Automotive dealers conspired among themselves, by agreement and understanding, to engage in the unlawful acts described herein, which resulted in legal damages to the Named Plaintiff and the Class.

6.     The Defendants associated together under the non-incorporated MileOne Automotive umbrella in order to advertise and market as one entity, and they agreed to develop and use form documents in the course of vehicle sales. "MileOne Automotive" is not a business entity registered to do business with the Maryland Department of Assessments and Taxation, yet it holds itself out to the public as an association of car dealers doing business in the state. In

addition, the Defendants associated together to present themselves to their customers and the world as one entity. The Defendants market themselves through a common website and under the same MileOne logo, and the Defendants deliberately use the MileOne moniker as a way of branding the dealerships and making them appear as part of a large umbrella entity, which enjoy common ownership characteristics. For example, MileOne Automotive's website emphasizes that it brings together the "Hall, Heritage, Herb Gordon and MotorWorld Automotive Groups along with Mercedes-Benz of Annapolis." www.mileone.com (retrieved January 23, 2013). On information and belief, all of the dealers which comprise MileOne Automotive in Maryland are owned, managed and/or operated by Defendant Atlantic Automotive Corp.

7. Through their association, the Defendants developed and agreed upon the uniform and systematic scheme described herein to acquire and sell prior daily rental vehicles to consumers without the disclosures required under Maryland law, with misleading and fraudulent omissions and representations concerning the history of these vehicles, and with the specific intent to deceive and defraud the Named Plaintiff and members of the Class. As a result of this scheme and conspiracy, the Named Plaintiff and members of the Class were damaged.

8. The MileOne entities purchase a large number of used vehicles that previously were used as short-term rentals. On information and belief, Defendants purchase these rental vehicles directly from rental car operators like Hertz, Avis and Enterprise, from dealer auctions or from the general public, and systematically place these vehicles on the used car lots of MileOne entities alongside other similar used vehicles that were not used as short-term rentals. At the time of the purchases of Named Plaintiff and the Class, Defendants took no steps to differentiate for their customers one car (the prior short-term rental) from the next (the vehicle previously used only for personal use).

9.      Because prior short-term rental vehicles are harder to sell and consistently result in a lower selling price, the Defendant MileOne entities also conceal the vehicle's prior use as a short-term rental at the point of purchase by uniformly and consistently failing to present the consumer with a clear and conspicuous written disclosure of the vehicle's rental history on the sales agreement as required under Maryland law.  Defendants' affirmative acts and concealments clearly violate Maryland's motor vehicle laws and other consumer protection laws.

10.     Defendants' clear violations of Maryland law, and their conspiracy to commit those violations, have enriched them unjustly at the expense of hundreds and potentially thousands of Maryland consumers.  Because Maryland law requires that any prior short-term rental history must be disclosed "clearly and conspicuously" on a vehicle sales contract, the Defendants' failure to make such a disclosure constituted an affirmative misrepresentation and concealment by Defendants of the vehicle's history on vehicle sales agreements of the Named Plaintiff and the Class.  Defendants' use of such vehicle sales agreements and other form documents to conceal the prior rental history of the vehicles sold to Named Plaintiff and other members of the Class, as well as their uniform non-disclosures and uniform affirmative misrepresentations on those forms, make this case particularly suitable for resolution through a class action lawsuit.

11.     On information and belief, the MileOne entities are jointly owned, share management personnel, and hold themselves out to the general public under the name MileOne Automotive.  The Defendant MileOne entities named in this consumer class action acted in concert to accomplish, and jointly benefitted from, the scheme described herein.

## II.   PARTIES

12.   Named Plaintiff Olivia Buckner Bailey is a resident of Owings Mills, Maryland. On June 16, 2009, she purchased a used Mazda CX-7 from Heritage Chevrolet-Buick, Inc., a MileOne Automotive dealer.  Unbeknownst to Named Plaintiff at the time of sale, and despite the exercise of ordinary diligence, the car previously had been used for purposes other than as a consumer good.  Defendants never disclosed to Named Plaintiff that the vehicle she purchased was previously used for a purpose other than as a consumer good or, specifically, that it had been used for short-term rental.

13.   The Defendants in this case all associated and conspired together under the moniker MileOne Automotive – a name that is not registered with the Maryland Department of Assessments and Taxation, but for which Defendants have set up a website, www.mileone.com. Defendants conduct the majority of their advertising under the "MileOne Automotive" name. According to Defendants' website, MileOne has 23 dealerships in Maryland selling a large variety of new and used vehicles including Mercedes Benz, Nissan, Subaru, Smart, Volvo, BMW, Porsche, Cadillac, Chevy, Buick, Chrysler, Dodge, Jeep, Ram, Fiat, Honda, Hyundai, Mazda and Volkswagen.

14.   Defendant Tischer Autopark, Inc. t/a Audi Silver Spring is a Maryland entity whose principal place of business is located at 3151 Automobile Blvd., Silver Spring, MD 20904.  Tischer Autopark, Inc., also trades as BMW of Silver Spring, whose principal place of business is located at 3211 Automobile Blvd., Silver Spring, MD, 20904.  Tischer Autopark, Inc. also trades as Porsche of Silver Spring, whose principal place of business is located at 3141 Automobile Blvd., Silver Spring, Maryland 20904.  On information and belief, Tischer Autopark, Inc. is an entity that owns and operates car dealerships and/or whose subsidiaries own

and operate car dealerships located in the state of Maryland. Each of its dealerships is primarily engaged in selling vehicles to consumers.

15.     Defendant Herb Gordon Auto Group, Inc. t/a Mercedes-Benz of Silver Spring is a Maryland entity whose principal place of business is located at 3301 Briggs Chaney Road, Silver Spring, Maryland 20904. Defendant Herb Gordon Auto Group, Inc., also trades as Herb Gordon Nissan, a Maryland entity whose principal place of business is located at 3131 Automobile Blvd., Silver Spring, Maryland 20904. Defendant Herb Gordon Auto Group, Inc. also trades as Herb Gordon Subaru, a Maryland entity whose principal place of business is located at 3161 Automobile Blvd., Silver Spring, Maryland 20904. Defendant Herb Gordon Auto Group, Inc. also trades as Herb Gordon Volvo, a Maryland entity whose principal place of business is located at 3121 Automobile Blvd., Silver Spring, Maryland 20904.     Defendant Herb Gordon Auto Group, Inc., on information and belief, is an entity that owns and operates car dealerships and/or whose subsidiaries own and operate car dealerships located in the state of Maryland. Each of its dealerships is primarily engaged in selling vehicles to consumers.

16.     Defendant Annapolis Motors, LLC t/a Mercedes-Benz of Annapolis and as Smart Center of Annapolis, is a Maryland entity whose principal place of business is located at 324 Sixth Street, Annapolis, MD 21403 and, on information and belief, is an entity that owns and operates car dealerships and/or whose subsidiaries own and operate car dealerships located in the state of Maryland. Mercedes-Benz of Annapolis and Smart Center of Annapolis is primarily engaged in selling vehicles to consumers.

17.     Defendant Heritage of Bel Air, Inc., t/a Heritage Automall of Bel Air is a Maryland entity whose principal place of business is located at 716 Belair Road, Bel Air, Maryland 21014 and, on information and belief, is an entity that owns and operates car

dealerships and/or whose subsidiaries own and operate car dealerships located in the state of Maryland. Heritage of Bel Air, Inc. is primarily engaged in selling vehicles to consumers.

18.    Defendant Heritage Chevrolet-Buick, Inc. t/a Heritage Chevrolet and as Heritage Buick, is a Maryland entity whose principal place of business is located at 11234 Reisterstown Road, Owings Mills, Maryland 21117 and, on information and belief, is an entity that owns and operates car dealerships and/or whose subsidiaries own and operate car dealerships located in the state of Maryland. Heritage Chevrolet-Buick, Inc. is primarily engaged in selling vehicles to consumers.

19.    Defendant Heritage of Owings Mills II, Inc. t/a Heritage Chrysler Dodge Jeep Ram Owings Mills is a Maryland entity whose principal place of business is located at 11212 Reisterstown Road, Owings Mills, Maryland 21117 and, on information and belief, is an entity that owns and operates car dealerships and/or whose subsidiaries own and operate car dealerships located in the state of Maryland. Heritage of Owings Mills II, Inc. is primarily engaged in selling vehicles to consumers.

20.    Defendant Heritage of Owings Mills, Inc. t/a Heritage Fiat is a Maryland entity whose principal place of business is located at 11216 Reisterstown Road, Owings Mills, MD 21117 and, on information and belief, is an entity that owns and operates car dealerships and/or whose subsidiaries own and operate car dealerships located in the state of Maryland. Heritage of Owings Mills, Inc. is primarily engaged in selling vehicles to consumers.

21.    Defendant Heritage of Towson, Inc. t/a Heritage Honda is a Maryland entity whose principal place of business is located at 9213 Harford Rd., Parkville, Maryland 21234 and, on information and belief, is an entity that owns and operates car dealerships and/or whose

subsidiaries own and operate car dealerships located in the state of Maryland.  Heritage of

Towson, Inc. is primarily engaged in selling vehicles to consumers.

22.      Defendant Heritage of Westminster, Inc. t/a Heritage Honda of Westminster is a

Maryland entity whose principal place of business is located at 580 Baltimore Blvd.,

Westminster, Maryland 21157 and, on information and belief, is an entity that owns and operates

car dealerships and/or whose subsidiaries own and operate car dealerships located in the state of

Maryland.  Heritage of Westminster, Inc. is primarily engaged in selling vehicles to consumers.

23.      Defendant Heritage of Towson II, Inc. t/a Heritage Hyundai Towson is a

Maryland entity whose principal place of business is located at 801 York Road, Towson,

Maryland 21204 and, on information and belief, is an entity that owns and operates car

dealerships and/or whose subsidiaries own and operate car dealerships located in the state of

Maryland.  Heritage of Towson II, Inc. is primarily engaged in selling vehicles to consumers.

24.      Defendant I. Heritage, Inc. t/a Heritage Mazda is a Maryland entity whose

principal place of business is located at 11220 Reisterstown Road, Owings Mills, Maryland

21117 and, on information and belief, is an entity that owns and operates car dealerships and/or

whose subsidiaries own and operate car dealerships located in the state of Maryland.  I. Heritage

is primarily engaged in selling vehicles to consumers.

25.      Defendant Heritage of Bel Air, Inc. t/a Heritage Mazda of Bel Air is a Maryland

entity whose principal place of business is located at 710 Belair Road, Bel Air, Maryland 21014

and, on information and belief, is an entity that owns and operates car dealerships and/or whose

subsidiaries own and operate car dealerships located in the state of Maryland.  Heritage of Bel

Air, Inc. is primarily engaged in selling vehicles to consumers.

26.     Defendant Heritage of Towson III, Inc. t/a Heritage Mazda Towson is a Maryland entity whose principal place of business is located at 1630 York Road, Lutherville, Maryland 21093 and, on information and belief, is an entity that owns and operates car dealerships and/or whose subsidiaries own and operate car dealerships located in the state of Maryland.  Heritage of Towson III, Inc. is primarily engaged in selling vehicles to consumers.

27.     Defendant Heritage Imports, Inc. t/a Heritage Subaru and as Heritage Volkswagen, is a Maryland entity whose principal place of business is located at 9808 Reisterstown Road, Owings Mills, Maryland 21117 and, on information and belief, is an entity that owns and operates car dealerships and/or whose subsidiaries own and operate car dealerships located in the state of Maryland.  Heritage Imports, Inc. is primarily engaged in selling vehicles to consumers.

28.     Defendant Griffith Auto Group, Inc. t/a Heritage Volkswagen Parkville, is a Maryland entity whose principal place of business is located at 9215 Harford Rd., Parkville, Maryland 21234.  Defendant Griffith Auto Group, Inc. also trades as Heritage Chrysler Dodge Jeep Ram Parkville, a Maryland entity whose principal place of business is located at 9219 Harford Rd., Parkville, Maryland 21234.  Defendant Griffith Auto Group, Inc., on information and belief, is an entity that owns and operates car dealerships and/or whose subsidiaries own and operate car dealerships located in the state of Maryland.  Griffith Auto Group, Inc. is primarily engaged in selling vehicles to consumers.

29.     Defendant Atlantic Automotive Corp. is an entity whose principal place of business in Maryland is located at 1 Olympic Place, Suite 200, Towson, Maryland 21204 and, on information and belief, is an entity that represents, owns and operates car dealerships and/or whose subsidiaries represent, own and operate car dealerships located in the state of Maryland.

Atlantic Automotive Corp. is engaged in selling vehicles through multiple dealerships, many of which are located in Maryland.

## III.   JURISDICTION AND VENUE

30.      Subject matter jurisdiction is proper under MD. CODE ANN., CTS. & JUD. PROC. § 1-501, and this Court has personal jurisdiction pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-102(a), as the Defendants are domiciled in Maryland, are organized under the laws of Maryland, or maintain their principal places of business in Maryland, and will be served with process in Maryland.

31.      Venue is proper under MD. CODE ANN., CTS. & JUD. PROC. § 6-201(a) because Defendants carry out regular and substantial business in Baltimore County, and regularly solicit business from residents of Baltimore County.  Named Plaintiff purchased her vehicle in Baltimore County. Among other things, Defendants have multiple dealerships located in Baltimore County and employ many Baltimore County residents, regularly provide credit to Baltimore County residents, regularly place liens on motor vehicles registered to residents of Baltimore County, and regularly avail themselves of the Baltimore County courts in the course of their business.

## IV.   FACTS APPLICABLE TO ALL COUNTS

32.      This is an action against the Defendants resulting from their uniform and consistent failure to disclose that hundreds, if not thousands of vehicles sold to consumers were prior short-term rentals, as well as their conspiracy to conceal and not disclose the prior rental history of those vehicles.

33.     Mile One Automotive acquires its inventory of used motor vehicles from a variety of sources, including direct purchases from consumers, auto auctions, and from manufacturers and car rental companies.

34.     At the time a vehicle is purchased for resale on one of Defendants' lots located in the State of Maryland, Defendants know, and have information available to them, that identifies the prior use of the vehicle for short-term rental.

35.     In accordance with the disclosure provisions of COMAR 11.12.01.14(M)(1), motor vehicle dealers in Maryland must disclose to a prospective purchaser a vehicle's prior use for any purpose other than as a consumer good "clearly and conspicuously" in writing and, at a minimum, this disclosure must appear as a separate notation on the vehicle sales contract. This disclosure on the sales contract must specifically indicate, clearly and conspicuously, that the vehicle previously was used as a "short-term rental vehicle."

36.     COMAR 11.12.01.14(M) (emphasis added) provides that:

(1)     **Vehicles formerly used for a purpose other than a consumer good shall be clearly and conspicuously identified as to their former use. This includes, but is not limited to, vehicles formerly used:**

   (a)     For public or governmental purposes and normally driven by multiple drivers;
   (b)     As executive driven vehicles;
   (c)     As demonstrators;
   (d)     For driver training;
   (e)     As taxicabs; or
   **(f)     As short-term rental vehicles.**

(2)     The word "commercial", or similar ambiguous terms, may not be used to describe these vehicles.

37.     As a result, Maryland dealers must routinely and clearly and conspicuously disclose when the vehicles they offer for sale have been used as short-term rental vehicles, as required by COMAR 11.12.01.14(M)(1).

38.     MileOne Automotive does not make such disclosures as required by COMAR 11.12.01.14(M)(1). At all times relevant to this Complaint, it has been the standard practice and conspiracy across all of the Defendants to conceal or otherwise fail to disclose to customers a vehicle's prior use as a short-term rental on the vehicle sales contract or elsewhere.

39.     In fact, even though MileOne Automotive includes on its pre-printed, standard Purchase Order form a box that serves as a means of disclosing prior rental use – proof that MileOne Automotive knows such disclosures are required – MileOne Automotive uniformly and consistently fails to check this box even when it has information indicating vehicles previously were used for short-term rentals.

40.     In Maryland it long has been industry custom and practice, as required by the Maryland Motor Vehicle Administration ("MVA"), to make the required disclosure concerning short-term rentals on the vehicle sales contract. *See* Exhibit A, MVA Bulletin D-12-89-06 (February 1, 1990), p. 3 ("It must clearly be designated as a previously used short term rental vehicle on the sales agreement.")

41.     However, as stated, Defendants do not disclose prior short-term rental use on their sales agreements as required by the MVA. Not one member of the Class in this case had any disclosure of his or her vehicle's prior use as a short-term rental on a Purchase Order or any Retail Installment Sales Contract as required in Maryland.

42.     Defendants are well aware of their duty to clearly and conspicuously disclose to retail buyers on the sales agreement when their vehicles previously have been used for short-term rental or other non-consumer use. Nevertheless, Defendants did not give any indication on the sales agreements of Named Plaintiff or other members of the Class of the vehicle's prior history, thus concealing material facts related to the transaction. In all cases, the result was the same –

Defendants managed to systematically and routinely sell a prior short-term rental vehicle without disclosing that history to the buyer. Neither the Named Plaintiff nor any other member of the Class received a disclosure of the prior rental use of the vehicle on his or her Purchase Order or Retail Installment Sales Contract.

43. Because Maryland law requires that dealers disclose any prior short-term rental history clearly and conspicuously on a vehicle sales contract, the Defendants' failure to make such a disclosure constituted an affirmative misrepresentation by Defendants of the vehicle's history on vehicle sales agreements of the Named Plaintiff and the Class.

44. Defendants' acts and material omissions, as set forth above, deceived or tended to deceive their customers by indicating that the vehicles sold to Named Plaintiff and the Class previously were used only as consumer goods when, in fact, these vehicles had been used for short-term rentals.

45. As a result of the Defendants' conspiracy to sell prior short-term rentals without the disclosures required by Maryland law, and the other acts, material omissions, affirmative misrepresentations, and unfair and deceptive practices described herein, Named Plaintiff and the Class paid significantly more for their vehicles than they would have paid for comparable vehicles had Defendants properly, and in a legal manner, disclosed the vehicles' prior use as short-term rentals.

## V.    FACTS APPLICABLE TO NAMED PLAINTIFF

46. On or about June 16, 2009, Named Plaintiff Olivia Buckner Bailey purchased a used 2008 Mazda CX-7, VIN JM3ER29LX80213027, from Heritage Chevrolet-Buick, Inc. primarily for personal, family and household use.

47.    Unbeknownst to the Named Plaintiff on the date of sale, the vehicle previously had been titled in the name of Hertz Vehicles LLC and previously had been used for short-term rental at BWI Airport.  Named Plaintiff first learned in June 2012 that the vehicle she purchased previously had been used for short-term rentals.

48.    Defendants had actual knowledge at the time of sale that the vehicle sold to the Named Plaintiff previously had been used as a short-term rental.  In fact, the Maryland Certificate of Title that Hertz Vehicles LLC provided to Heritage Chevrolet-Buick, Inc. when it sold the vehicle to Heritage Chevrolet-Buick, Inc., indicated the vehicle was used at BWI Airport as a short term rental.  Heritage, however, did not disclose and intentionally and with actual malice concealed, and as part of its scheme with other MileOne Automotive entities conspired to conceal, this information from Named Plaintiff.

49.    Defendants were required to disclose clearly and conspicuously in writing on the sales agreement the fact that Named Plaintiff's vehicle previously had been used for short-term rental by Maryland law and, in particular, COMAR 11.12.01.14(M)(1).  Nevertheless, Defendants failed to provide the required clear and conspicuous written disclosure as to the vehicles of Named Plaintiff and other members of the Class on the vehicle sales agreement and conspired together to conceal the prior history of these vehicles.

50.    Unbeknownst to Named Plaintiff and the other members of the Class on the date of sale, the vehicles sold to them would not pass without objection in the trade under the contract description, in part because Maryland law required that the contract describe and disclose clearly and conspicuously the vehicle's prior use as a short-term rental, and the sales agreement contained no indication of the vehicle's prior rental history.  Furthermore, by leaving blank the box on their purchase orders providing for disclosure of short-term rental history, Heritage

20

Chevrolet-Buick, Inc. and the other Defendants affirmatively and falsely represented that the vehicles sold to Named Plaintiff and Class members had not been used for short-term rentals even though they knew the vehicles had been used for this purpose. Even had Defendants accurately disclosed the prior short-term rental use of such vehicles on the purchase order of Named Plaintiff and the Class members, this disclosure would have been insufficient to comply with Maryland law.

51.     Based on the foregoing, the vehicles sold to Named Plaintiff and the Class were unmerchantable under Maryland law.

52.     As a result of Defendants' acts and omissions as set forth in this Complaint, Named Plaintiff and other members of the Class were misled as to the prior use of their vehicles and their market values, paid more for the vehicles than they were worth, lost the benefit of their bargains, and have sustained other losses and damages.

53.     As part of their regular business practices in Maryland, Defendants systematically and regularly sell, and have conspired to sell, used vehicles that previously were used as short-term rental vehicles while failing to disclose and affirmatively concealing this information from their customers.

54.     In connection with the activities giving rise to this action, the Defendants acted with malice, intent and knowledge, and with a wanton disregard for the rights of Named Plaintiff and other purchasers.

55.     At all relevant times herein, in connection with the activities giving rise to this action, the Defendants conspired with each other to engage in the various activities set forth herein, and agreed to participate in the operation of the conspiracy and scheme to defraud Named Plaintiff and other members of the Class, all as proscribed by Maryland law.

21

56.    The Defendants participated and engaged in the conspiracy described herein and were involved in the transactions involving Named Plaintiff and other members of the Class over a period spanning many years and involving hundreds and potentially thousands of transactions.

57.    If Named Plaintiff and Class members then had suspected that MileOne Automotive was engaged in a conspiracy to facilitate the fraudulent scheme described herein, at the expense of Named Plaintiff and Class members, they would have refused to conduct business with Defendants and their enterprise, would not have entered into transactions with Defendants, and would have sought to secure their rights under the law at that time.

58.    Named Plaintiff's and Class members' damages also were caused by the Defendants' conspiracy, in that Named Plaintiff and Class members were overcharged for their vehicles as a result of the Defendants' fraudulent scheme and conspiracy.

59.    The profits obtained through the fraudulent scheme and conspiracy were shared amongst the conspirators according to a prior written contract or other agreement and used to market the MileOne Automotive entities as an excellent source of reliable used cars sold by reputable dealers.

## VI.   CLASS ACTION ALLEGATIONS

60.    Named Plaintiff brings this action on her own behalf and on behalf of all other similarly situated individuals pursuant to MD. RULE 2-231. The Class consists of:

> All Maryland residents who purchased from a MileOne
> Automotive dealership in Maryland a used motor vehicle that
> previously was used as a short-term rental, who were not provided
> clear and conspicuous notice of such use on their vehicle sales
> contract.

61.     Excluded from the Class are those individuals who now are or have ever been MileOne Automotive executives and the spouses, parents, siblings and children of all such individuals.

62.     The complaint covers the time period up to the resolution of this case. The statutes of limitation under each cause of action asserted herein are inapplicable to the Class members' claims based on the acts of omission and wrongful conduct by Defendants, as set forth herein, which equitably tolled the limitation period(s) under the circumstances described herein.

63.     Because the Defendants failed to disclose and wrongfully or fraudulently concealed the prior commercial use of the vehicles, Named Plaintiff and members of the class, despite the exercise of ordinary diligence, were unable to learn about the prior rental history at the time of sale.

64.     Due to their reliance on the accuracy, truthfulness and completeness of documents provided by Defendants, Named Plaintiff and the Class members did not and could not have discerned their causes of action against Defendants.

65.     The documentation Defendants provided to Named Plaintiff and the Class purported to give them all necessary legal disclosures regarding the prior use of their vehicles, creating a false sense of security and preventing Plaintiff and Class members from becoming aware of a need or reason for inquiry into the adequacy, truthfulness or completeness of the disclosures provided to them prior to the purchase of their vehicles.

66.     Named Plaintiff and Class members were not aware of any facts that should have provoked their inquiry.

67.     The Class, as defined above, is identifiable. Named Plaintiff is a member of the Class.

68.     On information and belief, the Class consists of hundreds and perhaps thousands of individuals and thus is so numerous that joinder of all members is impracticable.

69.     There are questions of law and fact that not only are common to the Class but that predominate over any questions affecting only individual Class members.  The common and predominating questions include, but are not limited to:

a.     Whether Defendants failed to provide clear and conspicuous notice in writing to customers of the vehicles' prior use as short-term rentals;

b.     Whether Defendants affirmatively concealed from their customers the vehicles' prior use as short-term rentals;

c.     Whether Defendants conspired together to conceal and misrepresent in a systematic and uniform way the prior rental history of vehicles sold by their dealerships;

d.     Whether Defendants conspired together to develop and use form documents geared to conceal the prior rental history of vehicles sold by their dealerships;

e.     Whether Defendants are liable to Named Plaintiff and members of the Class for damages resulting from their pattern of selling vehicles that previously were used as short-term rentals without disclosing this information to their customers;

f.     Whether Defendants had knowledge that the vehicles sold were previously used as short-term rentals or for purposes other than as a consumer good;

g.     Whether declaratory and injunctive relief is proper to prevent Defendants from continuing to sell vehicles that previously were used as short-term rentals without disclosure to prospective customers;

h.     Whether Defendants' failure to disclose the prior short-term rental use of the vehicles they sold was an unfair and deceptive trade practice;

24

i.      Whether Defendants' affirmative concealment of the prior short-term rental use of the vehicles they sold was an unfair and deceptive trade practice;

j.      Whether Defendants negligently misrepresented the value of vehicles previously used for short-term rental to their customers;

k.      Whether Defendants negligently failed to disclose the vehicles' prior use for short-term rental to their customers;

l.      Whether under an implied warranty, a vehicle would pass without objection in the trade under the contract description when Defendants failed to disclose the vehicle's prior use as a short-term rental;

m.      Whether the Defendants conspired to engage in the violations of Maryland law described herein; and,

n.      Whether the statutes of limitation applicable to each of the causes of action asserted herein have been equitably tolled by Defendants' wrongful or fraudulent concealment, despite ordinary diligence of Named Plaintiff and members of the Class.

70.      The claims of the Named Plaintiff are typical of the claims of the respective members of the Class within the meaning of MD. RULE 2-231(a)(3), and are based on and arise out of similar facts constituting Defendants' wrongful conduct.

71.      The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for Defendants, within the meaning of MD. RULE 2-231(b)(1)(A).

72.      Defendants' actions generally are applicable to the Class as a whole, and Named Plaintiff seeks equitable remedies with respect to the Class as a whole, within the meaning of MD. RULE 2-231(b)(2).

73.     The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of MD. RULE 2-231(b)(3). The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Named Plaintiff's counsel are experienced in class actions and foresee little difficulty in the management of this case as a class action.

## VII.   CAUSES OF ACTION

### COUNT ONE
### (Implied Warranty of Merchantability)

74.     Plaintiff re-alleges and incorporates herein by reference the allegations set out in the foregoing paragraphs as if fully set forth below.

75.     Auto dealers and other professional vehicle buyers in the trade need to know prior to purchasing a vehicle at an auto auction or from any other seller whether it has been used as a short-term rental vehicle both because use for short-term rental depresses the market value of such vehicles and because dealers and buyers in the trade know that a seller of the vehicle to a retail buyer will be legally obligated to disclose the vehicle's prior use for short-term rental, a disclosure that will depress the vehicle's market value.

76.     To accommodate these concerns of professional vehicle buyers in the trade, auto auctions that process thousands of vehicle transactions routinely require that short-term rental cars be offered for sale through "lanes" dedicated exclusively to short-term rentals so that buyers clearly understand the prior use to which these vehicles have been placed. In addition, when a short-term rental vehicle is sold outside of a lane dedicated to selling such vehicles, auto auctions routinely require that sellers "announce" (i.e., disclose) their knowledge that a vehicle previously

26

has been used for short-term rental.  In order for a short-term rental vehicle to be acceptable within the trade, its prior use for short-term rental must be disclosed prior to sale.

77.     Similarly, when a licensed auto dealer in Maryland sells a vehicle previously used for short-term rental to a prospective retail buyer, Maryland law mandates that the dealer must disclose to the prospective buyer prior to sale, clearly and conspicuously, the vehicle's prior use for short-term rental.  A vehicle's prior use for short-term rental is so significant both within the industry and to the public that the major companies that offer vehicle history reports for sale both to dealers and to the public (Carfax at www.carfax.com, and Experian at www.autocheck.com) include in their vehicle history reports information indicating whether a vehicle has been used for short-term rental.  Under both a consumer's reasonable expectations as well as trade quality standards, a vehicle with a prior rental history that is not clearly and conspicuously disclosed cannot pass without objection in the trade under the contract description and simply is not merchantable.  A significant segment of the buying public would object to purchasing a used vehicle without prior disclosure of its former use as a short-term rental.

78.     Defendants are merchants engaged in the business of selling goods such as the used vehicles sold to Named Plaintiff and Class Members.

79.     At the time of the purchases to Plaintiff and Class members, Defendants impliedly warranted to Named Plaintiff and Class members that the used vehicles they purchased conformed to the contract descriptions and affirmations of fact made to them by Defendants about their vehicle's prior rental use.

80.     The used vehicles purchased by Named Plaintiff and Class members failed to conform to the implied warranties made to them for the reasons described above, expressly incorporated herein.

81.     In breach of the implied warranty of merchantability which arises under MD. CODE ANN., COMM. LAW § 2-314(2)(a), on the date Named Plaintiff and Class members purchased their vehicles, each vehicle would not pass without objection in the trade under the contract description. The vehicles would not and did not pass without objection in the trade under the contract description because, as established by COMAR 11.12.01.14(M)(1)(f) and the MVA Bulletin attached as Exhibit A, the sales agreement received by each Class member must contain a clear and conspicuous disclosure that the vehicle had previously been used as a short-term rental. However, the vehicle sales agreements provided to Named Plaintiff and Class members do not contain any such disclosure; on the contrary, by leaving the box for disclosure of prior short-term rentals unchecked, Defendants affirmatively and falsely represented that the vehicles had not been used for short-term rentals. As a result, the short-term rentals sold to Named Plaintiff and the Class cannot and do not pass without objection in the trade under the contract description in violation of MD. CODE ANN., COMM. LAW § 2-314(2)(a).

82.     The principal function of merchantability is to give legal effect to a buyer's reasonable expectations. Where, as here, Named Plaintiff and the Class had a reasonable and legally protected expectation of receiving goods that would pass without objection in the trade under the contract description, their reasonable expectations were not met and Defendants breached the implied warranty of merchantability arising under MD. CODE ANN., COMM. LAW § 2-314(2)(a).

83.     The Defendants reached an agreement or understanding to breach the implied warranty of merchantability in their transactions with Named Plaintiff and the Class, and worked in combination with each other and performed the overt acts described herein to facilitate and engage in a conspiracy to breach the implied warranty of merchantability in these transactions.

84.     As a result of Defendants' breach of, and conspiracy to breach, the implied warranty of merchantability, Named Plaintiff and the Class sustained the losses and damages described herein.

WHEREFORE, Named Plaintiff and the Class demand judgment against Defendants, jointly and severally, for compensatory damages in an amount deemed appropriate by a jury, plus interest and costs for each Class member, as well as such other and further relief as the Court deems proper.

## COUNT TWO
### (Maryland Consumer Protection Act)

85.     Plaintiff re-alleges and incorporates herein by reference the allegations set out in the foregoing paragraphs as if fully set forth below.

86.     Defendants are each merchants within the meaning of the Maryland Consumer Protection Act ("CPA"), MD. CODE ANN., COMM. LAW § 13-101(g), and are subject to all of the CPA's provisions prohibiting unfair or deceptive trade practices, including those set forth in MD. CODE ANN., COMM. LAW §§ 13-301 and 13-303.

87.     Defendants made false and misleading representations to the Named Plaintiff and Class members in the offer to sell, and sale, of vehicles to them that had the capacity, tendency, or effect of deceiving or misleading consumers. Defendants falsely and misleadingly represented to the Named Plaintiff and Class members that the vehicles they purchased had a characteristic they did not have and possessed a particular standard and quality they did not possess by representing to Named Plaintiff and the Class that the vehicles they purchased had not been used for short-term rentals.

88.     Defendants' affirmative misrepresentations, failures to disclose to, and their concealment from, Named Plaintiff and Class members the material fact that their vehicles had

been used for short-term rental constituted unfair and deceptive trade practices in violation of the CPA, MD. CODE ANN., COMM. LAW §§ 13-301(1), (2)(i) and (iv) and (3), and 13-303.

89.     On information and belief, Defendants regularly and systematically acquire vehicles for the purpose of resale that have been used as short-term rentals, and they retail these vehicles to the public without disclosing the prior rental use to their customers; Defendants conspire together to do so, in violation of the CPA, to illegally increase their profits.

90.     Defendants' acts and omissions as aforesaid, including their failure to disclose and concealment of the material fact that their vehicles previously had been used as short-term rentals, and their affirmative misrepresentation to Named Plaintiff and the Class that the vehicles were not used previously for a purpose other than as a consumer good, tended to and did deceive Named Plaintiff and the members of the Class and constitute an unfair and deceptive trade practice, in violation of MD. CODE ANN., COMM. LAW §§ 13-301(1), (2)(i) and (iv), and/or (3), and 13-303(1)-(2).

91.     As a result of Defendants' unfair and deceptive trade practices described above, Named Plaintiff and the Class agreed to and did purchase their vehicles, Named Plaintiff and the Class paid Defendants significantly more for their vehicles than they were worth, and Named Plaintiff and the Class sustained other damages and losses described herein.

92.     If Named Plaintiff and Class members had known their vehicles previously had been used for short-term rental, they would not have purchased the vehicles or would have demanded significant price concessions.

93.     The Defendants, all associating under the MileOne Automotive umbrella, reached an agreement or understanding to violate the Maryland Consumer Protection Act in their transactions with Named Plaintiff and the Class, and they worked in combination with each other

and performed the overt acts described herein to facilitate and engage in a conspiracy to violate the Maryland Consumer Protection Act.

94. The Defendants' failure to comply with the law governing the transactions of the Named Plaintiff and Class members, and their conspiracy to do so, was deceptive and unfair within the meaning of the Maryland Consumer Protection Act. Defendants' suppression and omission of material facts and affirmative misrepresentations identified herein had the capacity, tendency or effect of deceiving and misleading the Named Plaintiff and members of the Class and in fact deceived and misled them, causing them to sustain the losses and damages described herein.

WHEREFORE, Named Plaintiff and the Class demand judgment against Defendants, jointly and severally, for compensatory damages in an amount deemed appropriate by a jury; reasonable counsel fees, plus interest and costs; as well as such other and further relief as the Court deems proper.

## COUNT THREE
### (Deceit by Non-Disclosure or Concealment)

95. Plaintiff re-alleges and incorporates herein by reference the allegations set out in the foregoing paragraphs as if fully set forth below.

96. On information and belief, Defendants regularly acquire vehicles for the purpose of resale that have been used as short-term rentals, and they regularly and intentionally retail these vehicles to the public without disclosing this prior use to their customers in violation of Maryland law to increase their profits. As described above, Named Plaintiff entered into a written sales agreement to purchase a used Mazda CVB-7 from Defendant Heritage Chevrolet-Buick, Inc. The Class members entered into similar written sales agreements to purchase used

vehicles from the MileOne Automotive Defendants.

97.     The transaction entered into by the Named Plaintiff with a MileOne Automotive dealership is a small but representative sample of Defendants' systematic fraud on the public and their conspiracy to commit fraud.

98.     Defendants have a duty to disclose the prior use of vehicles employed as short-term rentals, but Defendants intentionally and systematically concealed from Named Plaintiff and other members of the Class this fact that they had a duty to disclose.

99.     Indeed, due to the requirements of Maryland law that any prior short-term rental history be disclosed clearly and conspicuously on a vehicle sales contract, and Defendants' failure to check the short-term rental box on MileOne's standard Purchase Order, Defendants' failure to make such a disclosure on a form that contained a pre-printed space for such disclosure constituted an affirmative misrepresentation of the vehicle's history by the Defendants who sold the vehicles to the Named Plaintiff and the Class Members, at the time of the consummation of each transaction.

100.     Defendants acted with an intent to mislead and deceive the Named Plaintiff and Class members.

101.     Through their affirmative misrepresentations and concealments, Defendants intended to induce Named Plaintiff and the Class to act differently than they would have acted had they known the true facts.

102.     Because of Defendants' affirmative misrepresentations concerning, and concealments of, the aforesaid material facts, Named Plaintiff and the Class acted in a manner different from how they would have acted had Named Plaintiff and the Class known that their vehicles had been used for short-term rentals.  Had Named Plaintiff and the Class known their

vehicles had been previously used for short-term rentals, they would not have purchased the vehicles or would have demanded significant price concessions.

103.    The Defendants reached an agreement or understanding to knowingly and willfully cheat and defraud Named Plaintiff and the Class, to engage in the scheme and artifice to defraud Named Plaintiff and the Class through their intentional concealment of the fact that the vehicles sold to Named Plaintiff and the Class had been used for short-term rentals, and they worked in combination with each other and performed the overt acts described herein to facilitate and engage in a conspiracy to deceive and defraud Named Plaintiff and the Class.

104.    As a result of Defendants' affirmative misrepresentations concerning, and concealment of, the aforesaid material facts, Named Plaintiff and the Class sustained the losses and damages described herein.

105.    Defendants' sale of vehicles to Named Plaintiff and the Class, and conspiracy to sell those vehicles without disclosure of their prior use as short-term rentals, constituted egregious misconduct and was motivated by Defendants' actual malice toward Named Plaintiff and the Class.  Defendants intended to and did injure Named Plaintiff and the Class by tricking them into purchasing their vehicles and paying significantly more for their vehicles than they would have paid had Defendants complied with Maryland law by disclosing the vehicles' prior use as short-term rentals.

106.    On information and belief, each Defendant – through their association as MileOne Automotive and under the direction and oversight of Defendant Atlantic Automotive Corp. – knowingly and intentionally perpetrated, participated in, aided, abetted and benefitted from the fraudulent conspiracy and scheme to sell vehicles previously used for short-term rentals without disclosure to Named Plaintiff and members of the Class.

107.    Named Plaintiff further avers that unless and until a jury awards significant punitive damages against Defendants, Defendants will continue to violate Maryland's disclosure laws as part of their ongoing scheme to obtain profits illegally at the retail public's expense.

WHEREFORE, Named Plaintiff and the Class demand judgment against Defendants, jointly and severally, for compensatory damages in an amount deemed appropriate by a jury; punitive damages in an amount a jury deems necessary to punish and deter Defendants; and for interest, costs, as well as such other and further relief as the Court deems proper.

### COUNT FOUR
### (Money Had and Received/Unjust Enrichment)

108.    Plaintiff re-alleges and incorporates herein by reference the allegations set out in the foregoing paragraphs as if fully set forth below.

109.    As set forth above, Defendants assessed and collected payments for vehicles that had been used as short-term rentals in amounts that exceeded the value of these vehicles, which conferred a substantial benefit on each of the Defendants.

110.    As described herein, Defendants acted in bad faith in inducing the Named Plaintiff and the Class members to purchase their vehicles through fraud and false pretenses; Defendants obtained possession of money belonging to the Named Plaintiff and the Class members by deceiving the Named Plaintiff and the Class concerning the description, condition and prior use of the vehicles they were purchasing.  Because Defendants misrepresented and actively concealed the prior rental use of the vehicles that Named Plaintiff and the Class members purchased, Named Plaintiff and the Class purchased such vehicles based on a mistake of fact concerning the condition and rental history of their vehicles.

111.    As a result, Defendants have no legal or equitable right to retain the additional monies received by them for their deception.  Defendants reached the above-described

agreement or understanding to assess and collect payments for vehicles that had been used as short-term rentals in amounts that exceeded the value of those vehicles, and worked in combination with each other to engage in a conspiracy to do so. Upon information and belief, payments by Named Plaintiff and the Class to one Defendant actually resulted in monetary benefits to all of the Defendants resulting from their conspiracy and association as MileOne Automotive.

112.    Defendants were aware, and had knowledge, of the substantial benefits conferred by Named Plaintiff and other members of the Class on Defendants by paying amounts that exceeded the value of the vehicles sold to Named Plaintiff and the Class.

113.    Defendants have come into the possession of money in the form of payments that they had, and have, no right to at law or in equity.

114.    It would be inequitable for Defendants to retain any such monies that they had no legal right to charge or collect.

115.    On information and belief, Named Plaintiff avers each Defendant – under the direction of and oversight by Defendant Atlantic Automotive Corp. – knowingly and intentionally perpetrated, participated in, aided, abetted and benefitted from the receipt of such funds.

116.    As a consequence, Named Plaintiff and other members of the Class have sustained the losses and damages described herein.

WHEREFORE, Named Plaintiff and the Class demand judgment against Defendants, jointly and severally, for damages sustained, including restitution; pre-judgment interest; expenses for this suit; request equitable, declaratory and/or injunctive relief prohibiting

Defendants from selling short-term rentals without proper disclosure to consumers; and request

such other and further relief as the Court deems proper.

## COUNT FIVE
### (Negligent Misrepresentation)

117.    Plaintiff re-alleges and incorporates herein by reference the allegations set out in

the foregoing paragraphs as if fully set forth below, except to the extent they allege intentional

and malicious conduct by Defendants. In this Count, Plaintiff pleads in the alternative as

permitted by Maryland law.

118.    Defendants' agents or employees had a duty to disclose to Named Plaintiff and

the Class when a vehicle previously had been used for short-term rental, but they negligently

omitted and failed to disclose the material fact that the vehicles sold to Named Plaintiff and the

other members of the Class previously had been used as short-term rental vehicles, and they

negligently omitted and failed to disclose that their vehicles would not pass without objection in

the trade under the contract description.

119.    Defendants' agents or employees further negligently failed to disclose that the

prices of the vehicles sold to Named Plaintiff and the other members of the Class did not

accurately reflect their value, knowing that Named Plaintiff and the other members of the Class

would reasonably rely upon the false and misleading representations and omissions to their

detriment, which they did.

120.    As a direct and proximate result of Defendants' negligent statements,

representations, and omissions, Named Plaintiff and the other members of the Class were

induced, ab initio, to enter into sales agreements for vehicles with Defendants for a price

significantly higher than the value of the vehicles, and paying more for the vehicles than they

would have paid had they known the true facts concerning the prior use of such vehicles.

121.    Defendants, their agents or their employees owed a duty to exercise care in the disclosures they provided to the Named Plaintiff and the other members of the Class in connection with the purchases of their vehicles.

122.    Defendants breached the duty of care they owed to the Named Plaintiff and the other members of the Class by making false, misleading and negligent representations to Named Plaintiff and the other members of the Class and by negligently omitting material facts, as described above.

123.    Defendants knew, or had reason to know, that Named Plaintiff and the other members of the Class would reasonably rely on the representations and material omissions of fact which, if erroneous, would cause loss, injury or damage.

124.    Named Plaintiff and the other members of the Class justifiably and reasonably took actions to their detriment as alleged herein, by purchasing and paying Defendants significantly more for their vehicles than they were worth, in reliance on Defendants' false and misleading representations and material omissions.

125.    On information and belief, Named Plaintiff avers each Defendant – under the direction of and oversight by Defendant Atlantic Automotive Corp. – knowingly and intentionally perpetrated, participated in, aided, abetted and benefitted from the fraudulent conspiracy and scheme to sell vehicles previously used for short-term rentals without disclosure to Named Plaintiff and members of the Class.

126.    As described herein, the Defendants reached an agreement and/or understanding concerning the written disclosures to be made to the Named Plaintiff and the Class members in connection with their vehicle purchases and failed to make the written disclosures required by Maryland law in furtherance of their conspiracy, resulting in legal damage to the Named Plaintiff

and Class members.

WHEREFORE, Named Plaintiff and the Class demand judgment against Defendants, jointly and severally, for compensatory damages in an amount deemed appropriate by a jury; interest and costs; and such other and further relief as the Court deems proper.

## COUNT SIX
### (Breach of Contract)

127.   Plaintiff re-alleges and incorporates herein by reference the allegations set out in the foregoing paragraphs as if fully set forth below.

128.   On or about June 16, 2009, Named Plaintiff entered into a written sales agreement to purchase a used Mazda CVB-7 from Defendant Heritage Chevrolet-Buick, Inc. The Class members entered into similar written sales agreements to purchase used vehicles from the MileOne Automotive Defendants.

129.   The written sales agreements of the Named Plaintiff and the Class members set forth all of the terms of the contracts with the Defendants from whom they purchased their used vehicles.

130.   Pursuant to their written contracts with the Named Plaintiff and Class members, Defendants promised to sell to the Named Plaintiff and the Class members vehicles that comported with the description of the vehicles set forth in the written sales agreements. Defendants further promised to sell to the Named Plaintiff and the Class vehicles that were in the condition represented in the sales agreements, that had not previously been used in any manner not expressly disclosed by Defendants on the portion of the Purchase Order designated for such disclosure, and that had not been used as prior short-term rentals unless such former use was disclosed on the face of the written sales agreement as required by Maryland law.

131.   The written sales agreements between Defendants and the Named Plaintiff and

Class Members contained an implied covenant of good faith and fair dealing, obligating Defendants to exercise good faith in performing their contractual obligations and to deal honestly and fairly with the Named Plaintiff and the Class.

132.    Defendants materially breached their contracts with Named Plaintiff and the Class by: (a) failing to sell them the vehicles promised to them, (b) selling them used vehicles that failed to comport with the description of the vehicles set forth in the written sales agreements, (c) failing to sell them vehicles in the condition represented in the sales agreements, (d) selling them vehicles previously used as short-term rentals without disclosing such prior use, (e) materially misrepresenting the prior use of the vehicles on the face of the purchase orders and/or written sales agreements, and by (f) acting dishonestly and in bad faith in their dealings with the Named Plaintiff and Class members. As a result of Defendants' above-described material breaches of contract, the Named Plaintiff and Class members have incurred damages, including but not limited to the loss of the benefit of their bargain with the Defendants. The Named Plaintiff and Class bargained to purchase, and agreed to pay for, vehicles used previously for non-commercial purposes only. However, as a result of Defendants' above-described material breaches of contract, Named Plaintiff and Class members acquired vehicles previously used as short-term rentals and, in doing so, paid more for these vehicles than they were worth.

133.    As described herein, the Defendants reached an agreement and/or understanding concerning the form documents to be used in the course of their vehicle sales and, upon information and belief, the written disclosures to be made to the Named Plaintiff and the Class members in connection with their vehicle purchases. Defendants failed to make the written disclosures required by Maryland law in furtherance of their conspiracy, resulting in legal damage to the Named Plaintiff and Class members.

WHEREFORE, Named Plaintiff and the Class demand judgment against Defendants, jointly and severally, for compensatory damages in an amount deemed appropriate by a jury; interest and costs; and such other and further relief as the Court deems proper.

Respectfully submitted,

_____
Richard S. Gordon
Benjamin H. Carney
Stacie F. Dubnow
GORDON & WOLF, CHTD.
102 W. Pennsylvania Ave., Suite 402
Towson, Maryland 21204
(410) 825-2300

Mark H. Steinbach
Of Counsel
O'TOOLE ROTHWELL
1350 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20006
(202) 775-1550

**Attorneys for Plaintiff and the Class**

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

_____
Richard S. Gordon

**RULE 1-313 CERTIFICATION**

I certify that I am admitted to practice law in Maryland.



—————————————————
Mark H. Steinbach