```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

OLIVIA BUCKNER BAILEY           *
On Her Own Behalf and on Behalf
of all Other Consumers Similarly*
Situated
                                *
              Plaintiff
                                *
         vs.                        CIVIL ACTION NO. MJG-13-1243
                                *
ATLANTIC AUTOMOTIVE CORP.,
et al.                          *

              Defendants        *

*     *     *     *     *     *     *     *     *

## MEMORANDUM AND ORDER RE: MOTION TO AMEND

The Court has before it Plaintiff's Motion for Leave to File Amended Complaint [Document 33] and the materials submitted relating thereto. The Court finds a hearing unnecessary.

The Court has issued, herewith, its Memorandum and Order Re: Motion to Dismiss addressing the Second Amended Complaint and dismissing Plaintiff's claims against all Defendants other than Heritage Chevrolet-Buick, Inc. ("Heritage") and its parent corporation, Atlantic Automotive Corporation ("Atlantic"), and dismissing all RICO claims.

By the instant motion, Plaintiff seeks to file a Third Amended Complaint. As stated by Plaintiff, the additions to the second Amended Complaint:

> simply (i) amplify prior allegations that
> <u>all</u> Defendants, as part of their conspiracy

> (both at common law and under the federal Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*), sold prior short-term rentals without the disclosures required by Maryland law, and (ii) flesh out in more detail prior allegations as to how the Defendants' cross-selling and marketing of one another's vehicles made each of them "legally Capable" of selling the Named Plaintiff's vehicle as well as the vehicles of each of the putative class members.

[Document 33-1] at 1-2.

The proposed amendments, if made, would not have any effect upon the conclusion reached by the Court in the Memorandum and Order Re: Motion to Dismiss. The conspiracy claims would still be dismissed by virtue of the Copperweld decision. The RICO claims would still be dismissed. Even if Plaintiff's allegations "upon information and belief" are adequate, there would remain the absence of distinctiveness[1] and the absence of a pattern of racketeering activity in regard to Heritage's sales.

---

[1] Plaintiff's attempt to find support in a quotation from Bucklew v. Hawkins, Ash, Baptie & Co., LLP., 329 F.3d 923, 934 (7th Cir. 2007), is puzzling. See [Document 47] at 5. When read in context, the Bucklew court's statement strongly supports the Defendants. The decision states:

> But apart from whether Bucklew could show that HAB has engaged in a pattern of such crimes, the RICO claim fails because the enterprise alleged to have been conducted through a pattern of racketeering activity (defendant HAB, Inc.) is a wholly owned subsidiary of the alleged racketeer (the other defendant, Hawkins, Ash, Baptie & Co.). The claim is that the parent stole

The denial of amendment does not constitute a ruling that evidence regarding the allegations in question necessarily would be inadmissible in a trial of the remaining claims.

For the foregoing reasons:

1. Plaintiff's Motion for Leave to File Amended Complaint [Document 33] is DENIED.

2. Plaintiff shall arrange a telephone conference regarding the scheduling of further proceedings herein to be held by January 31, 2014.

SO ORDERED, this <u>Friday, January 17, 2014</u>.

/s/
Marvin J. Garbis
United States District Judge

---

> the software and gave it to the subsidiary to market. A parent and its wholly owned subsidiaries no more have sufficient distinctness to trigger RICO liability than to trigger liability for conspiring in violation of the Sherman Act, see *Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752, 777, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984), unless the enterprise's decision to operate through subsidiaries rather than divisions somehow facilitated its unlawful activity, which has not been shown here.

<u>Bucklew</u>, 329 F.3d at 934.

Plaintiff suggests no basis on which the decision of Atlantic to act through subsidiaries rather than divisions would somehow have facilitated the unlawful activity.